# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CENTRAL DIVISION

| | |
|---|---|
| AMY LAMPMAN, AMY LUTGEN, JACKIE THOMPSON SCHAFFNER, JESSICA SAVITS, KIMBERLY KURTH, JODI VANDERHEIDEN, and SUSAN HANAN,<br><br>    Plaintiffs,<br><br>vs.<br><br>MARSHA K. TERNUS, DAVID K. BOYD, LINDA A. NILGES, SCOTT S. HAND, LEESA A. MCNEIL, KENT V. WIRTH, ELIZABETH J. BALDWIN, CARROLL EDMONDSON, HOWARD THOMAS, and DEBORAH M. DICE, all in their individual and official capacities,<br><br>    Defendants. | No. C10-3025-MWB<br><br>**MEMORANDUM OPINION AND ORDER REGARDING DEFENDANTS' MOTION TO CERTIFY QUESTIONS TO THE IOWA SUPREME COURT** |

_____

## TABLE OF CONTENTS

*I. INTRODUCTION AND BACKGROUND* . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

*II. LEGAL ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
 *A. Authorization and Standards for Certification of Questions* . . . . . . . . . 3
 *B. Certification Analysis* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6
  1. *Whether legal issue is unsettled* . . . . . . . . . . . . . . . . . . . . . 6
  2. *Availability of legal resources* . . . . . . . . . . . . . . . . . . . . . . 9

|   |   |   |
|---|---|---|
| 3. | *Court's familiarity with state law* | 9 |
| 4. | *Time demands on comparative court dockets* | 10 |
| 5. | *Frequency legal issue is likely to reoccur* | 10 |
| 6. | *Age of litigation and prejudice from certification* | 11 |
| 7. | *Whether there is a split in authority* | 11 |

III. CONCLUSION ................................................ 12

This litigation raises unresolved questions of Iowa law. Specifically, who has authority to discharge or permanently reduce the work hours of court reporters working in the Iowa District Courts, and whether such actions, when taken as part of a reduction in force caused by state budgetary constraints, constitutes "good cause" under Iowa law for the employment actions. Neither of these first impression questions of Iowa law is presently before me for resolution. Instead, defendants' Motion to Certify Questions to the Iowa Supreme Court requires me to determine whether these issues should be resolved by myself, or the Iowa Supreme Court.

## I. INTRODUCTION AND BACKGROUND

On December 7, 2010, plaintiffs, court reporters who are or were employed by the State of Iowa, filed an Amended Complaint under 42 U.S.C. § 1983, claiming that they were terminated or had their hours reduced in violation of the Due Process Clause of the Fourteenth Amendment. On June 30, 2011, defendants, the former Chief Justice of the

2

Iowa Supreme Court, the Iowa State Court Administrator, and the Court Administrators for each of the eight Iowa judicial districts, filed their Motion to Certify Questions (docket no. 26). Defendants request certification of the following questions to the Iowa Supreme Court:

> Does Iowa Code § 602.6603(7) apply when someone other than a judicial officer removes a court reporter or reduces the hours a court reporter works for reasons such as budgetary reasons?
>
> If the answer to the preceding question is in the affirmative, does laying off court reporters or reducing court reporters' hours for budgetary reasons constitute "other just and good cause" under Iowa Code § 602.1218?

Defendants' Mot. at 2. Defendants assert that I should grant their motion because the questions they seek to certify are unresolved and the Iowa Supreme Court should be permitted to decide such questions of first impression concerning Iowa law. Plaintiffs resisted the motion on July 22, 2011. Plaintiffs do not dispute that the Iowa courts have not addressed the issues raised here, but argue the statutes in question are unambiguous and I do not need the assistance of the Iowa Supreme Court in interpreting them. Defendants filed a reply in support of their motion on July 29, 2011.

## II. LEGAL ANALYSIS

### A. *Authorization and Standards for Certification of Questions*

Both Iowa law and this court's Local Rules permit me, on the motion of a party or *sua sponte*, to certify a question of state law to the Iowa Supreme Court. Iowa's certification statute provides:

3

> The supreme court may answer questions of law certified to it by the supreme court of the United States, a court of appeals of the United States, a United States district court or the highest appellate court or the intermediate appellate court of another state, when requested by the certifying court, if there are involved in a proceeding before it questions of law of this state which may be determinative of the cause then pending in the certifying court and as to which it appears to the certifying court there is no controlling precedent in the decisions of the appellate courts of this state.

IOWA CODE § 684A.1. Local Rule 83 of the Northern District of Iowa provides:

> When a question of state law may be determinative of a cause pending in this court and it appears there may be no controlling precedent in the decisions of the appellate courts of the state, any party may file a motion to certify the question to the highest appellate court of the state. The court may, on such motion or on its own motion, certify the question to the appropriate state court.

N.D. IA. L.R. 83.

The United States Supreme Court has recognized that:

> Certification procedure . . . allows a federal court faced with a novel state-law question to put the question directly to the State's highest court, reducing the delay, cutting the cost, and increasing the assurance of gaining an authoritative response.

*Arizonans for Official English v. Arizona*, 520 U.S. 43, 76 (1997); *see Lehman Bros. v. Shein,* 416 U.S. 386, 391 (1974) (by certifying a question of state law, the federal court may save "time, energy and resources and hel[p] build a cooperative judicial federalism"). Thus, "[t]aking advantage of certification made available by a State may 'greatly simplif[y]' an ultimate adjudication in federal court." *Arizonans for Official English*, 520 U.S. at 76 (citing *Bellotti v. Baird,* 428 U.S. 132, 151 (1976)).

4

Whether a federal district court should certify a question of state law to the state's highest court is a matter "committed to the discretion of the district court." *Allstate Ins. Co. v. Steele,* 74 F.3d 878, 881-82 (8th Cir. 1996); *Schein,* 416 U.S. at 391 ("[Certification's] use in a given case rests in the sound discretion of the federal court."); *see Babinski v. American Family Ins. Group*, 569 F.3d 349, 353 (8th Cir. 2009) ("'Whether a federal court should certify a question to a state court is a matter of discretion.'") (quoting *Johnson v. John Deere Co.,* 935 F.2d 151, 153 (8th Cir. 1991)); *see also Anderson v. Hess Corp.*, 649 F.3d 891, 891 (8th Cir. 2011); *Jung v. General Cas. Co.*, 651 F.3d 796, 796 (8th Cir. 2011); *Packett v. Stenberg,* 969 F.2d 721, 726 (8th Cir. 1992).

I previously articulated the following factors to be considered in determining whether to certify a question to a state's highest court:

> (1) the extent to which the legal issue under consideration has been left unsettled by the state courts; (2) the availability of legal resources which would aid the court in coming to a conclusion on the legal issue; (3) the court's familiarity with the pertinent state law; (4) the time demands on the court's docket and the docket of the state supreme court; (5) the frequency that the legal issue in question is likely to recur; and (6) the age of the current litigation and the possible prejudice to the litigants which may result from certification.

*Leiberkneckt v. Bridgestone/Firestone, Inc.*, 980 F. Supp. 300, 310 (N.D. Iowa 1997); *accord Erickson-Puttmann v. Gill*, 212 F. Supp.2d 960, 975 n. 6 (N.D. Iowa 2002); *see Olympus Alum. Prod. v. Kehm Enters., Ltd.,* 930 F. Supp. 1295, 1309 n.10 (N.D. Iowa 1996) (citing *Rowson v. Kawasaki Heavy Indus., Ltd.,* 866 F. Supp. 1221, 1225 & n. 5 (N.D. Iowa 1994)). In *Leiberkneckt,* I also considered a seventh factor; "whether there is any split of authority among those jurisdictions that have considered the issues presented

in similar or analogous circumstances." *Leiberkneckt,* 980 F. Supp. at 311. I will address each of these factors *seriatim*.

## B. Certification Analysis
### 1. Whether legal issue is unsettled

The initial certification factor considers whether the issue is "unsettled" by state courts. *See Leiberkneckt*, 980 F. Supp. at 310; *see also Erickson-Puttmann*, 212 F. Supp.2d at 975 n.6; *Olympus Alum. Prod.,* 930 F. Supp. at 1309 n.10. Here, there is no dispute between the parties that the issues are unsettled. Rather, the parties dispute the complexity of the legal questions, and which court should be called upon to answer them.

Plaintiffs allege defendants terminated their employment or permanently reduced their hours, as court reporters. Plaintiffs assert these employment actions violated their right to procedural due process under the Fourteenth Amendment. Defendants contend plaintiffs' due process rights were not violated because the employment actions taken against them were on orders of the Iowa Supreme Court as a result of severe budget deficits.

The United States Supreme Court has held that the Fourteenth Amendment's due process guarantee applies only to public employees who have a "property interest" in the terms or conditions of their employment. *Board of Regents v. Roth,* 408 U.S. 564, 577 (1972); *see Gilbert v. Homar*, 520 U.S. 924, 928-29 (1997). "'A person must have a legitimate claim of entitlement to his or her employment to have a property interest in it.'" *Mulvenon v. Greenwood*, 643 F.3d 653, 657 (8th Cir. 2011) (quoting *Winegar v. Des Moines Indep. Community Sch. Dist.,* 20 F.3d 895, 899 (8th Cir. 1994). "Typically, this interest arises from contractual or statutory limitations on the employer's ability to

terminate an employee." *Winegar,* 20 F.3d at 899 (citing *Bishop v. Wood,* 426 U.S. 341, 344 (1976)). "Whether the employee had a legitimate claim of entitlement—and thus, a constitutionally protected property interest—depends on state law and the terms of his employment." *Mulvenon*, 643 F.3d at 657 (citing *Kozisek v. Cnty. of Seward, Neb.,* 539 F.3d 930, 937 (8th Cir. 2008)); *see Bishop,* 426 U.S. at 344 (noting that the sufficiency of the claim of a property interest "must be decided by reference to state law."). When such a property interest exists, the employee is entitled to a hearing or some related form of due process before being deprived of the interest. *Cleveland Bd. of Educ. v. Loudermill,* 470 U.S. 532, 542 (1985). The sufficiency of the claim of a property interest "must be decided by reference to state law." *Bishop,* 426 U.S. at 344. Plaintiffs assert Iowa Code § 602.6603(7), read in conjunction with Iowa Code § 602.1218, creates their property interest.

Iowa Code § 602.6603(7) provides: "[a] court reporter may be removed for cause with due process by the judicial officer making the appointment." Iowa Code § 602.1218 defines "cause" as:

> Inefficiency, insubordination, incompetence, failure to perform assigned duties, inadequacy in performance of assigned duties, narcotics addiction, dishonesty, unrehabilitated alcoholism, negligence, conduct which adversely affects the performance of the individual or of the judicial branch, conduct unbecoming a public employee, misconduct, or any other just and good cause constitutes cause for removal.

IOWA CODE § 602.1218. Section 602.6603(7) is silent as to whether this is the exclusive procedure for removing a court reporter. No decision of the Iowa Supreme Court or the Iowa Court of Appeals has interpreted or construed § 602.6603(7). Likewise, § 602.1218 is entirely silent as to whether budgetary restrictions constitute cause for removal. Again,

7

neither the Iowa Supreme Court nor the Iowa Court of Appeals has interpreted or construed § 602.1218.

Iowa law places control of the Iowa judiciary solely with the Iowa Supreme Court. The Iowa Constitution provides, "[t]he supreme court shall . . . exercise a supervisory and administrative control over all inferior judicial tribunals throughout the state." IOWA CONST. art. 5, § 4. In keeping with this constitutional provision, "[t]he supreme court has supervisory and administrative control over the judicial branch and over all judicial officers and court employees." IOWA CODE § 602.1201. The Iowa Supreme Court is also granted authority to "prescribe procedures for the orderly and efficient supervision and administration of the judicial branch. These procedures shall be executed by the chief justice." IOWA CODE § 602.1204(1). In addition, the Iowa Supreme Court has authority over the Iowa judiciary's budgeting and funding. IOWA CODE § 602.1301. The Iowa Supreme Court appoints a State Court Administrator. IOWA CODE § 602.1208(1). The State Court Administrator "is the principal administrative officer of the judicial branch, subject to the immediate direction and supervision of the chief justice." IOWA CODE § 602.1208(2). Along with other duties, the State Court Administrator is responsible for "[m]anag[ing] the judicial branch" and "[a]dminister[ing] the funds appropriated to the judicial branch." IOWA CODE § 602.1208(2). The State Court Administrator is authorized to: "issue directives relating to the management of the judicial branch. The subject matters of these directives shall include, but need not be limited to, fiscal procedures . . ." IOWA CODE § 602.1204(2). The Iowa Supreme Court has not addressed whether these constitutional and statutory provisions provide the Iowa Supreme Court and State Court Administrator with plenary authority to develop and carry out the layoffs of court personnel, including court reporters, as a result of budgetary constraints.

Given the absence of controlling authority here, I conclude that this factor weighs in favor of certification.

### 2. *Availability of legal resources*

The second factor considers the availability of legal resources which would aid the court in coming to a conclusion on the legal issue. *See Leiberkneckt*, 980 F. Supp. at 310; *see also Erickson-Puttmann*, 212 F. Supp.2d at 975 n.6; *Olympus Alum. Prod.,* 930 F. Supp. at 1309 n.10. Property interests protected by the Due Process Clause of the Fourteenth Amendment arise from "legitimate claim[s] of entitlement . . . defined by existing rules or understandings that stem from an independent source such as state law." *Roth,* 408 U.S. at 577. My familiarity with procedural due process claims arising from Iowa state law, gained from having handled numerous such claims in the past, would aid me in resolving the issues here. *See, e.g, Dorr v. Weber*, 741 F. Supp.2d 993, 1009 (N.D. Iowa 2010); *Dibble v. Scholl*, 410 F. Supp.2d 807, 817 (N.D. Iowa 2006); *Williams v. Manternach*, 192 F. Supp.2d 980, 985 (N.D. Iowa 2002); *Busch v. City of Anthon*, 173 F. Supp.2d 876, 886 (N.D. Iowa 2001); *Kish v. Iowa Cent. Cmty. College*, 142 F. Supp.2d 1084, 1095 (N.D. Iowa 2001); *Salcido ex rel. Gilliland v. Woodbury Cnty.,* 119 F. Supp.2d 900, 910 (N.D. Iowa 2000); *Mercer v. City of Cedar Rapids*, 104 F. Supp.2d 1130, 1049 (N.D. Iowa 2000), *aff'd*, 308 F.3d 840, 843 (8th Cir. 2002); *Randall v. Buena Vista Cnty. Hosp.*, 75 F. Supp.2d 946, 953 (N.D. Iowa 1999); *Hill v. Hamiton Cnty. Public Hosp.*, 71 F. Supp.2d 936, 946 (N.D. Iowa 1999). I conclude that this factor weighs against certification.

### 3. *Court's familiarity with state law*

The third factor concerns my familiarity with pertinent state law. *See Leiberkneckt*, 980 F. Supp. at 310; *see also Erickson-Puttmann*, 212 F. Supp.2d at 975 n.6; *Olympus*

*Alum. Prod.,* 930 F. Supp. at 1309 n.10. Sitting in diversity, I am frequently called upon to consider, construe, and apply Iowa law. In addition, as discussed above, I have been called upon many times to consider Iowa state law as that law relates to procedural due process claims. *See, e.g, Dorr*, 741 F. Supp.2d at 1009; *Dibble*, 410 F. Supp.2d at 817; *Williams*, 192 F. Supp.2d at 985; *Busch*, 173 F. Supp.2d at 886; *Kish*, 142 F. Supp.2d at 1095; *Salcido ex rel. Gilliland,* 119 F. Supp.2d at 910; *Mercer*, 104 F. Supp.2d at 1049; *Randall*, 75 F. Supp.2d at 953; *Hill*, 71 F. Supp.2d at 946. Thus, this factor weighs against certification.

### 4. *Time demands on comparative court dockets*

The fourth factor addresses the relative docket load of the courts. *See Leiberkneckt*, 980 F. Supp. at 310; *see also Erickson-Puttmann*, 212 F. Supp.2d at 975 n.6; *Olympus Alum. Prod.,* 930 F. Supp. at 1309 n.10. I recognize that both myself and the Iowa Supreme Court are pressed for time to consider the cases before us. I further recognize that requests to respond to certified questions should not be made lightly. Here, certification not only shifts time demands from me to the Iowa Supreme Court, but has the possibility of creating an appearance of impropriety that diminishes faith in the fairness of the criminal justice system in general. This is because the Iowa Supreme Court would be called upon to rule on a case involving its former Chief Justice as well as the current State Court Administrator. My declining to certify the questions here avoids even the remotest scintilla of an appearance of impropriety. I conclude this factor weighs against certification.

### 5. *Frequency legal issue is likely to reoccur*

The fifth factor concerns the frequency that the legal issue in question is likely to reoccur. *See Leiberkneckt*, 980 F. Supp. at 310; *see also Erickson-Puttmann*, 212 F.

Supp.2d at 975 n.6; *Olympus Alum. Prod.,* 930 F. Supp. at 1309 n.10. Defendants point out that given ongoing state budgetary problems, the Iowa judicial branch may need to implement another round of personnel layoffs or reduction in hours, including court reporters. Defendants argue litigation resulting from such personnel actions would raise the same unanswered questions. However, my resolution of these issues here makes the reoccurrence of litigation over such issues unnecessary and unlikely to reoccur. I conclude this factor also weighs against certification.

### 6. *Age of litigation and prejudice from certification*

The sixth factor concerns the age of the current litigation and the possible prejudice to the litigants which may result from certification. *See Leiberkneckt*, 980 F. Supp. at 311; *see also Erickson-Puttmann*, 212 F. Supp.2d at 975 n.6; *Olympus Alum. Prod.,* 930 F. Supp. at 1309 n.10. This case has been pending for more than a year and is set for trial next spring. It has been my experience that certification stalls litigation for well over a year and as much as two years. Thus, certification would undoubtedly require continuing the trial for a significant period of time. The parties would be prejudiced by such a substantial delay in the adjudication of their case. I conclude that this factor weighs heavily against certification.

### 7. *Whether there is a split in authority*

Finally, the seventh factor requires me to consider "whether there is any split of authority among those jurisdictions that have considered the issues presented in similar or analogous circumstances." *Leiberkneckt,* 980 F. Supp. at 311. The parties have not cited, and I have not found, any other jurisdictions which considered a similar issue in an analogous statute. I conclude this factor is neutral.

### *III.  CONCLUSION*

Having considered the authorizations to do so under both this district's local rules and an Iowa authorizing statute, and the various pertinent factors regarding the propriety of certification, I **deny** defendants' Motion to Certify Questions to the Iowa Supreme Court.

**IT IS SO ORDERED.**

**DATED** this 11th day of October, 2011.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA